IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KERMIT BLACKSTON

v.  Civil No. 1:16-cv-234-HSO
    Criminal No. 1:14cr77-HSO-RHW-3

UNITED STATES OF AMERICA

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [252] of Kermit Blackston to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. After due consideration of the issues presented, the record, and relevant legal authority, the Court is of the opinion that Blackston's § 2255 Motion [252] should be denied without an evidentiary hearing.

I. FACTS AND PROCEDURAL HISTORY

On June 23, 2015, Kermit Blackston ("Blackston") pleaded guilty to Count 3 of the eight-count Indictment [3] in this case. *See* June 23, 2015, Minute Entry. Count 3 charged that

> on or about October 9, 2013, in George County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **KERMIT BLACKSTON and LARRY ANDERSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute more than 5 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

Indictment [3] at 3-4.

As part of his plea, Blackston entered into a Plea Agreement [183] with the Government which provided, in relevant part, that Blackston

> expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agreement [183] at 4-5. At the plea hearing and in the Plea Agreement [183], Blackston and his attorney declared that the terms of the Plea Agreement were read by or to Blackston, explained to Blackston by his attorney, understood by Blackston, voluntarily accepted by Blackston, and agreed to and accepted by Blackston. *Id.* at 6.

To assist the Court in sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). *See* PSR [220] (filed under seal). Due to Blackston's count of conviction involving possession with intent to distribute a controlled substance, his conduct was analyzed under United States Sentencing Guideline § 2D1.1. *See id.* at 33 (filed under seal). Blackston's base offense level due to the amount of illegal controlled substances involved was 32. *Id.* at 34. Because Blackston had possessed firearms, his offense level was increased by two levels pursuant to Guideline § 2D1.1(b)(1), and because the offense

involved methamphetamine which had been imported from Mexico, the offense level was increased by another two levels pursuant to Guideline § 2D1.1(b)(5). *Id.* at 34-35. After a three-level reduction for acceptance of responsibility, Blackston's total offense level was 33. With a criminal history category of III, the guideline imprisonment range was 168 months to 210 months. *See id.* at 47.

Prior to sentencing, Blackston's counsel raised several objections to the PSR, including one to the two-level enhancement Blackston received under § 2D1.1(b)(1) for possession of a firearm. *See* Objs. [220-3] at 4 (filed under seal). Blackston argued that he never handled, possessed, or had any firearms in connection with the offense. *See id.* At the sentencing hearing, the Court overruled Blackston's objection on this point.

Blackston was sentenced on September 29, 2015, to a term of imprisonment of 125 months as to Count 3 of the Indictment. The Court ordered that upon release from imprisonment, Blackston be placed on supervised release for a term of five years as to Count 3. *Id.* at 3. The Court also ordered Blackston to pay a $100.00 assessment and a $7,500.00 fine. *Id.* at 5. The Judgment [223] was entered on September 29, 2015. J. [223] at 1-2. Blackston did not file a direct appeal.

On June 27, 2016, Blackston filed a Motion [252] pursuant to 28 U.S.C. § 2255,[1] asking the Court to re-sentence him. Mot. [252] at 13. As his first ground for relief, Blackston argued that a prior felony conviction was improperly used to

---

[1] Blackston executed the Motion and placed it in the prison mailing system on June 22, 2016. Mot. [252] at 12.

enhance his sentence because it was not a "crime of violence" as defined by the residual clause of Sentencing Guideline § 4B1.2. *Id.* at 4. Blackston mentions the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), and appears to be relying upon *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.*

In his second ground, Blackston asserts that the Government abused "a defective plea agreement," and his counsel rendered ineffective assistance with respect to his Plea Agreement. Mot. [252] at 5. According to Blackston, he

> never agreed to plea to anyone else['s] indictment. The Government was able to effectively amend my indictment by enhancing my sentence with an unindicted charge of possession of a firearm. The 2 points enhancement allowed the judge to sentence me to additional term of imprisonment. My plea agreement did not indicate that I would be subject to my co-defendant's illegal conduct. The Government offered no evidence that I had or used a gun during my sentence hearing.
>
> Petitioner's plea agreement became defective when the Government was allowed present [sic] arguments in support of the illegal enhancement. My attorney gave ineffective assistance of Counsel when he fail to defend the petitioner's rights.

*Id.* Blackston contends that his attorney was ineffective because "he never objected to the changes by the Government in a plea agreement." *Id.*

On August 2, 2016, the Court stayed this action pending the United States Supreme Court's final resolution of *Beckles v. United States*, No. 15-8544 (June 27, 2016). *See Beckles v. United States*, 137 S. Ct. 886 (2017).

## II. DISCUSSION

A. <u>Construing all facts alleged in Blackston's favor, he is not entitled to relief pursuant to *Johnson*.</u>

In support of his *Johnson* argument, Blackston cites Guideline § 4B1.2. This

section sets forth the definition for terms used in § 4B1.1, including the term "crime of violence." *See* U.S. Sentencing Guidelines Manual § 4B1.2(a).

*Johnson* held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B), violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. *Welch v. United States,* 136 S. Ct. 1257 (2016), held that the rule announced in *Johnson* applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1268.

> The ACCA provides that
>
> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized clause beginning with "or otherwise" is known as the residual clause.

Blackston seems to argue that the Court mischaracterized a prior conviction as a "crime of violence" under § 4B1.2's definition of that term. Section 4B1.2(a) of the Sentencing Guidelines previously contained a residual clause that was worded identically to the residual clause contained in the ACCA. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (citing U.S. Sentencing Guidelines Manual §

-5-

4B1.2(a)). *Beckles* considered whether the Guidelines' residual clause, like the one in the ACCA, is void for vagueness under the Due Process Clause. *Id.* *Beckles* held that because the Guidelines are advisory, they are not subject to a vagueness challenge under the Due Process Clause, such that § 4B1.2(a)(2)'s residual clause is not void for vagueness. *Id.* at 892.

In the present case, Blackston's sentence was not enhanced under the ACCA or under Guideline § 4B1.2. Nor was Blackston's sentence otherwise enhanced due to a "crime of violence." The convictions used to calculate Blackston's criminal history points for Guidelines purposes do not appear to be crimes of violence, and the Court made no such finding. *Johnson* is therefore wholly inapplicable here. Even if the Court had relied upon the residual clause of § 4B1.2 in sentencing Blackston, *Beckles* clearly forecloses Blackston's argument. *See Beckles*, 137 S. Ct. at 897 ("Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness."). Construing all factual allegations in Blackston's favor, he has not shown that he is entitled to any relief under § 2255 based upon his *Johnson* argument.

B. <u>Construing all facts alleged in Blackston's favor, he is not entitled to relief under § 2255 related to the Plea Agreement.</u>

1. <u>Blackston has not shown that the Government breached the Plea Agreement,</u>

To the extent Blackston charges that the Government breached the Plea Agreement, this claim fails. Blackston has not shown a breach of the Plea

Agreement.

    a.    <u>Relevant legal standard</u>

"[W]hen the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand[.]" *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (quoting *Mabry v. Johnson*, 467 U.S. 504, 509 (1984)). "When construing a plea agreement, [the Fifth Circuit] look[s] to what the defendant reasonably understood when entering his plea." *United States v. Borders*, 992 F.2d 563, 567 (5th Cir. 1993) (quotation omitted).

"Whether the government's conduct violated the terms of the plea agreement is a question of law." *United States v. Palomo*, 998 F.2d 253, 256 (5th Cir. 1993) (quotation omitted); *see also United States v. MacInnis*, 58 F.3d 637, 1995 WL 371137, at *2 (5th Cir. 1995). A defendant bears the burden of proving the underlying facts establishing a breach by a preponderance of the evidence. *Palomo*, 998 F.2d at 256; *see also MacInnis*, 1995 WL 371137, at *2.

    b.    <u>Blackston has not shown any breach by the Government.</u>

Blackston argues that the Government abused or changed the Plea Agreement when he received a two-point enhancement for possession of a firearm at sentencing. Mot. [252] at 5. Blackston asserts that his Plea Agreement did not indicate he would be subject to his co-Defendant's illegal conduct, and that the Government offered no evidence at the sentencing hearing that Blackston possessed or used a gun. *Id.*

The PSR detailed a controlled purchase by a confidential informant on October 9, 2013. PSR [220] at 8 (filed under seal). During this purchase, the confidential informant reported that Blackston and a co-Defendant retrieved from the trunk of a vehicle two firearms and that all three handled the firearms. *Id.* at 8, 34. While monitoring audio surveillance, agents could hear the firearms' actions being cycled repeatedly. *Id.* It was due to this instance of the possession of firearms by Blackston that his offense level was increased two levels pursuant to Guideline § 2D1.1(b)(1). *Id.* at 34.

Blackston's counsel lodged an objection to the firearm enhancement. *See* Objs. [220-3] at 4 (filed under seal). At the sentencing hearing, the Court recognized that Blackston need not have actually handled the weapons himself to be responsible for the gun enhancement. The Court nevertheless found by a preponderance of the evidence that Blackston did in fact handle the weapons. The Court overruled Blackston's objection at the sentencing hearing. Blackston's argument that his sentence was enhanced for weapons only attributable to his co-Defendants is belied by the record.

Nor has Blackston alleged facts which would show that the Government's conduct violated the terms of the Plea Agreement or what Blackston reasonably understood when entering his plea. Blackston acknowledged in his Plea Agreement that the penalty for the offense charged in Count 3, to which he was pleading guilty, was not less than 5 years up to 40 years in prison. Plea Agreement [183] at 1. According to the Plea Agreement,

> [i]t is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

*Id.* at 2.

Blackston "further acknowledge[d] and agree[d] that any factual issues regarding sentencing [would] be resolved by the sentencing judge under a preponderance of the evidence standard," and he explicitly "waive[d] any right to a jury determination of these sentencing issues." *Id.* at 5. As part of the Plea Supplement [184], Blackston agreed to the Government's obligations in exchange for his plea, including that the Government would recommend that the Court impose a sentence within the lower 25% of the applicable range under the Sentencing Guidelines "as computed by the Court." Plea Supplement [184] at 1 (filed under seal).

Blackston also acknowledged during his plea colloquy that he understood these terms. "Solemn declarations in open court carry a strong presumption of verity." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Blackston's allegation that the Government breached the Plea Agreement has no factual support in the record and does not support § 2255 relief.

Based upon the plain terms of the Plea Agreement and Plea Supplement, the calculation of the proper Guidelines range was within the purview of the Court. Neither the Plea Agreement or Plea Supplement contained a stipulation as to the total offense level, a specific guideline calculation, or a list of adjustments and enhancements that would apply to Blackston's sentence. *See United States v. Cluff*, 857 F.3d 292, 300 (5th Cir. 2017) (citing *United States v. Munoz*, 408 F.3d 222 (5th Cir. 2005)). The Government's obligations were plainly defined by the clear language of the Plea Agreement and Plea Supplement, and there was nothing in the agreement which prevented the Government from advocating for the firearm enhancement. The Government did not breach the Plea Agreement by supporting a two-level increase for possession of a firearm. Accepting all of Blackston's allegations as true, Blackston has not shown that the Government's conduct violated the terms of the Plea Agreement.

> 2. Construing all facts alleged in Blackston's favor, he has not shown ineffective assistance of counsel.

a. Relevant legal standard

To demonstrate ineffective assistance of counsel, Blackston must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's ineffective assistance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "Failure to establish either prong defeats the claim." *Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997).

"For the deficiency prong [of *Strickland*], counsel's performance is to be

accorded 'a heavy measure of deference.'" *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 197 (2011)). As for the prejudice prong, "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

> This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case."

*Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 697). "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 694).

    b.    <u>Blackston has not demonstrated ineffective assistance or prejudice under *Strickland.*</u>

Blackston seems to assert that his counsel was deficient in failing to "defend the petitioner's rights" related to the Government's purported breach of the Plea Agreement. Mot. [252] at 5. As the Court has previously determined, Blackston has not shown that the Government committed any breach, and it is axiomatic that his counsel's performance in not raising such a claim was not deficient. *See, e.g., Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness"). Even if Blackston's former counsel's performance was somehow deficient in not raising this claim on Blackston's behalf, Blackston has not shown that there is a substantial likelihood that the result would have been different. The

Government did not breach the clear terms of the Plea Agreement or Plea Supplement. Blackston therefore also cannot demonstrate prejudice under *Strickland*.

In sum, accepting all of Blackston's allegations as true, he has not shown any breach by the Government of the Plea Agreement. Nor has Blackston demonstrated that his former counsel's representation fell below an objective standard of reasonableness, or that counsel's purported ineffective assistance was prejudicial. *See Strickl and*, 466 U.S. at 687-88.

### III. CONCLUSION

Because the Motion, files, and records conclusively show that Blackston is entitled to no relief, the Court finds that Blackston's Motion [252] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [252] of Kermit Blackston to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 18th day of August, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE